## TERRITORY OF ARIZONA *v.* POTTER.

FEMALE UNDER AGE OF TEN YEARS IS INCAPABLE OF GIVING CONSENT, by the law of Arizona, and one who has sexual intercourse with such female is guilty of rape.

To JUSTIFY CONVICTION ON INDICTMENT FOR RAPE, PROSECUTION MUST PROVE, if the female is over the age of ten years, that she offered such resistance as was in her power to make, or that she was prevented from resisting by threats of great bodily harm, accompanied with apparent power of carrying them into execution.

APPEAL from the district court of the first judicial district, county of Pima.   The opinion states the case.

*M. A. Smith*, for the appellant.

*Littleton Price*, for the respondent.

By Court, PINNEY, J.:

The defendant was tried and convicted for the crime of rape, and sentenced to the territorial prison for life, from which judgment he takes an appeal.   The evidence entirely fails to sustain or make a case of rape.   If true, it does make a clear case of incest.   By the evidence of the daughter of the defendant, it appears that she had been sleeping with and having connection with her father for about one year previous to the finding of the indictment.   She testified that she was about twelve years old at the time of the alleged rape.   The girl testified that she was at the house of a neighbor; that she had been staying there while her father was out in the mountains at work.   In the evening after his return, he called at this neighbor's house, and she went with him to his cabin.   He went to bed first, and she got into bed with him.   No force and no threats were used up to this time.   Sometime after they had been in bed, defendant told her to lie still or he would slap her.   No outcry or resistance of any kind was made on the part of the girl, and no force was made by the defendant; and no threats, except to tell the girl to lie still or he would slap her, are anywhere shown in the record.   If the facts detailed in the evidence of this case be true, we can scarcely imagine a more horrible case on the part of one calling himself father.

But courts are not organized for the purpose of making laws. We can only construe them as we find them. The law presumes a female of tender years incapable of consenting to sexual intercourse; and a man who has connection with such a female, although she may have consented thereto, is guilty of rape. 1 Whart. Crim. L., sec. 558. What is a female of tender years and incapable of giving consent, is fixed by the statutes of the different states and territories. In this territory, if she be under the age of ten years, she is incapable of giving consent; if over that age and of sound mind, she must resist or be prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution. In this record there is no proof of any imbecility of mind, and the girl being over the age of ten years, the law imposes the duty on the prosecution to show that the girl offered such resistance as was in her power to make, or that she was prevented from resisting by threats of great bodily harm. Nothing of the kind is shown. It appears that the girl has consented to all this intercourse; and consent, even if reluctant, if free, always negatives rape.

For the reasons above given, the judgment and order will be reversed, and the cause remanded for a new trial. And it is so ordered.